UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD D. BENTELY, also known as Garfield D. Bentley,

              Plaintiff,

-against-

JOHN THOMAS, Newburgh Police; DAVID HOOVLER, D.A. County of Orange; ORANGE COUNTY COURT: CITY OF NEWBURGH,

              Defendants.

22-CV-8215 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He seeks to overturn his 2017 conviction from the County Court, Orange County, and requests damages for his allegedly wrongful conviction. By order dated September 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

On October 5, 2017, a jury in the County Court, Orange County, convicted Garfield Butler of burglary in the second degree, criminal contempt in the first degree (three counts), criminal contempt in the second degree (five counts), criminal obstruction of breathing or blood circulation, falsely reporting an incident in the third degree, and stalking in the third degree. *People v. Bentley*, 127 N.Y.S.3d 779, 780 (2nd Dept. Feb. 28, 2020), *leave denied*, 36 N.Y.3d 969 (Dec. 20, 2020). He is currently challenging that conviction in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *Bentley v. Superintendent*, ECF 7:22-CV-3818, 25 (PMH) (S.D.N.Y.). In that action, the government has been directed to respond to his petition not later than October 31, 2022.[2]

Plaintiff Butler alleges that the claims that he brings in this complaint arose on October 19, 2016, when the alleged victim called 911, claiming that Plaintiff had poured some substance on her. (ECF 2 at 5.) Police officers went to the victim's home, but according to Plaintiff, they did not take items of the victim's clothing (a red dress, a bra, and a black sweater), which were later used as evidence at his criminal trial. (*Id.* at 5.) Plaintiff contends that the victim "tampered with the evidence" and that "the chain of custody was violated." (*Id.*) On this basis, Plaintiff asks the Court to "set [him] FREE" and "dismiss the indictment, Case #2016-629." (*Id.*) He further contends that he has been "falsely imprisoned for a said crime that [he] didn't commit." (*Id.*)

---

[2] By letter dated September 15, 2022, Bentley indicated in his pending Section 2254 proceeding, *Bentley*, 7:22-CV-3818, 26, that he was filing, or had filed, a motion under N.Y. CPL 440.10 in state court.

Plaintiff brings this suit against the "Orange County Court," District Attorney David Hoovler, the "City of Newburgh Police," and Detective John Thomas, of the "Newburgh Police Crime Scene." Plaintiff seeks to overturn his conviction and seeks $50 million in damages for his allegedly wrongful confinement. (*Id.* at 6.) He also seeks to prosecute criminal charges against Detective Thomas, District Attorney Hoovler, and his defense counsel from the Legal Aid Society, "Ms. Hernon," who was not named as a defendant. (*Id.*)

## DISCUSSION

**A.     Eleventh Amendment immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Id.* at 366. "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* Plaintiff names the County Court, Orange County, as a defendant in this action. The County Court is part of the New York State Unified Court System, N.Y. Const. Art. VI, § 29(a),[3] and as such, it "is unquestionably an 'arm of the State.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *Id.* at 366-67 ("The County Court of the State of New York is an integral part of the State's Unified Court System, *see* N.Y. Const. Art. VI, §§ 1 & 10–11, and as such is an arm of the State of New York.") (citation omitted).

---

[3] N.Y. Const. Art. VI, § 29(a) ("The legislature shall provide for the allocation of the cost of operating and maintaining the court of appeals, the appellate division of the supreme court in each judicial department, the supreme court, the court of claims, the county court, the surrogate's court, the family court, the courts for the city of New York established pursuant to section fifteen of this article and the district court, among the state, the counties, the city of New York and other political subdivisions.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the County Court, Orange County, is an arm of the State of New York, the Eleventh Amendment bars Plaintiff from pursuing his Section 1983 claims against this defendant in federal court. Plaintiff's Section 1983 claims against the County Court, Orange County, are therefore dismissed based on Eleventh Amendment immunity.

**B.     Challenge to conviction**

Plaintiff may not challenge the validity of his conviction or obtain release from custody in a Section 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."). A prisoner must bring a *habeas* petition, rather than a Section 1983 action, when the prisoner challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022) (noting that the literal language of Section 1983 would allow it to be used to challenge a conviction but that the Supreme Court has "insisted that [Section] 1983 contains an 'implicit exception' for actions that lie 'within the core of *habeas corpus*.'") (citation omitted).

Plaintiff has a pending petition for a writ of *habeas corpus* under Section 2254, in which he is seeking to overturn the same conviction. *Bentley*, ECF 7:22-CV-3818, 2 (PMH) (S.D.N.Y.). Because such relief is unavailable in a civil rights action, the Court dismisses Plaintiff's Section 1983 claims seeking to overturn his conviction and release him from custody. These claims are dismissed without prejudice to Plaintiff's raising them in his pending Section 2254 petition.

4

C.  **Damages for wrongful conviction**

In addition to asking the Court to overturn his conviction, Plaintiff seeks damages for his allegedly unlawful imprisonment. A prisoner cannot pursue a civil rights claim for damages that would necessarily be inconsistent with his conviction. *Heck*, 512 U.S. at 486-87. Thus, a plaintiff cannot seek relief for "the 'injury' of being convicted and imprisoned (until his conviction has been overturned)," *id*. at 477, n. 7, because such a claim is necessarily inconsistent with his conviction. Plaintiff's 2017 conviction has not been overturned, and any claim for damages for the injury of being imprisoned pursuant to this conviction would be necessarily inconsistent with his 2017 conviction and sentence. This Section 1983 claim is therefore dismissed under the doctrine established in *Heck*.

D.  **Prosecuting criminal charges**

Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding. Prosecutors have discretion whether or to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses, for failure to state a claim, Plaintiff's allegations seeking to prosecute criminal charges against his defense counsel, the district attorney, and a police detective who gathered evidence for the criminal charges against Plaintiff. 28 U.S.C § 1915(e)(2)(B)(ii).

E.  **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

5

Because the defects in Plaintiff's complaint described above cannot be cured by amending his complaint to include additional allegations, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed because (1) he cannot attack his conviction in a civil rights action under 42 U.S.C. § 1983; (2) the *Heck* doctrine bars his claims for damages for wrongful imprisonment; (3) the Orange County Court enjoys Eleventh Amendment immunity from suit; and (4) Plaintiff cannot prosecute criminal charges against defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:  October 24, 2022
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge